■ In the Matter of JOSEPH McCRUM, Petitioner, v BOARD OF EDUCATION OF THE NEW YORK CITY SCHOOL DISTRICT, Respondent.—Proceeding pursuant to CPLR article 78, *inter alia,* to review respondent's determination, dated March 24, 1976 and made after a hearing, which, *inter alia,* found petitioner guilty of providing incompetent and inefficient service and dismissed him from his position. Determination annulled, on the law, without costs or disbursements, and petition granted to the extent that the matter is remitted to the respondent for a new hearing and determination in accordance herewith. Petitioner, a tenured teacher, has served with the respondent board of education since 1957 and has worked as a regular teacher since 1967. He was working as a teacher of biology and general science at Lafayette High School in 1974, when he was suspended and charged, *inter alia,* with rendering incompetent and inefficient service. The charges lodged against petitioner alleged, in essence, that he was so inept in his efforts to maintain proper classroom decorum that the average pupil was deprived of the education to which he was entitled. The charges further alleged that petitioner failed to adequately respond to constructive criticism offered by his supervisors and that this inability or unwillingness to change demonstrated a lack of "professional growth" on his behalf. At the hearing conducted to determine the validity of the charges, petitioner offered into evidence the results of uniform departmental examinations administered in January, 1974 to all students in general biology and general science classes. The hearing officer rejected the offer. Petitioner's offer of proof reveals that the students in his classes, on the whole, did better, and in some instances markedly better, than did the students in classes taught by other instructors. These tests were administered just prior to petitioner's suspension. Passing judgment on the level of disruption in a classroom and the level of competency of a teacher of necessity presents a situation where reliance upon subjective perceptions is unavoidable, but when seemingly objective uniform test results are available they should be considered. This is particularly true in the light of the close factual issue here presented. Although respondent offered testimony tending to diminish the importance of the test results, the various contentions went primarily to the weight to be accorded the results and not to their admissibility. Respondent's attorney even conceded on the record that the results were relevant. We note that on at least one prior occasion, the same hearing officer herein involved relied upon an objective test result in passing upon charges strikingly similar to the ones in this case (see *Matter of Linfield,* 15 Ed Dept Rep 111, 114). In this instance the uniform examination results therefore were relevant to the determination of the manner in which petitioner faced the challenges of his chosen profession, and a new hearing is therefore required. Hopkins, J. P.,

Rabin and O'Connor, JJ., concur; Hawkins, J., dissents and votes to confirm the determination and to dismiss the proceeding on the merits, with the following memorandum: I vote to confirm the determination here under review. There is no indication that the action of the board of education was arbitrary, capricious or characterized by an abuse of discretion. The record demonstrates that petitioner's contentions lack merit.